IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

John Williams, ELLEN B. WILLIAMS and
BELLEVIEW VALLEY LAND Co., Inc.,

    Petitioners,

    v.          No. 1:17-cv-00383-WJ-KK

HON. DAVID T. THUMA, United States Bankruptcy
Judge-United States Bankruptcy Court for the District
of New Mexico,

    Respondent.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court upon Petitioners' Motion for Default Judgment Pursuant to FRCP 55, filed May 11, 2017 (**Doc. 9**). Having reviewed the parties' briefs and the applicable law, the Court finds that Petitioners' motion is not well-taken and, therefore, is DENIED.

### BACKGROUND

In this motion, Petitioners Belleview Valley Land Co. and John and Ellen Williams ("Petitioners") seek default judgment against Tammy Sprague, the Personal Representative of the Estate of Fred Van Winkle, deceased (hereinafter "Ms. Sprague").

The background facts in the underlying case arise from Ms. Sprague's allegations as plaintiff in an adversary proceeding in Bankruptcy Court. In that proceeding, Ms. Sprague alleged that Petitioners' actions in foreclosing judgment liens in state court proceedings violated a bankruptcy discharge that had been granted by the Bankruptcy Court in the Chapter 7 case initiated by Fred Van Winkle before his death. Petitioners challenged the Bankruptcy Court's

jurisdiction to hear the issue and moved to dismiss the adversary proceeding, which motion was denied by United States Bankruptcy Judge David T. Thuma ("Judge Thuma"). Additionally, Judge Thuma entered a partial summary judgment in the adversary proceeding. Petitioners contend that the Bankruptcy Court lacked subject matter jurisdiction over the adversary proceeding and on March 30, 2017 in the instant case, Petitioners filed a Petition for Writ of Mandamus pursuant to Federal Rule of Appellate Procedure 21(a) and 28 U.S.C. §1651 ("Writs"). Doc. 5 (*See* Am.Pet. for Writ of Mandamus) at 2.

## DISCUSSION

Rule 21of the Federal Rules of Appellate Procedure ("FRAP") states in part that: "a party petitioning for a writ of mandamus must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court." FRAP 21(a).

A.   Ms. Sprague

In the instant motion for default judgment, Petitioners do not seek default judgment against the named Respondent, Judge Thuma, but rather they seek default judgment against Ms. Sprague, the Personal Representative of Fred Van Winkle's probate estate. However, Ms. Sprague, as personal representative of Mr. Van Winkle's probate estate, is not named as a respondent or defendant in the caption of this case. Petitioners counsel in the default motion (Doc. 9) represent that Ms. Sprague, as personal representative, was personally served with the Complaint and Summons on April 3, 2017, and that Ms. Sprague was also served with an additional copy of the Complaint and Summons on May 8, 2017. Petitioners contend that under Fed.R.Civ.P.55, default judgment may be entered against Ms. Sprague because she failed to plead or otherwise defend this case.

There are several reasons why this Court denies Petitioner's motion for default judgment:

(1)  Petitioners claim that they have served Ms. Sprague with a copy of the Complaint and Summons, yet Petitioners have not named Ms. Sprague as a party, even when the Petition was amended (Doc. 5, Am. Pet.).  The Court cannot understand why Petitioners are trying to obtain default judgment against someone who is not a party to this case.  Moreover, FRAP 21(a) certainly does not allow default judgment against someone who is not a party to the proceeding.

(2)  Petitioners' motion for default judgment cannot be considered because Petitioners' counsel have not yet sought or obtained a Clerk's entry of default under Fed.R.Civ.P. 55(a).  Before entering default judgment against a defendant or respondent, the Court must find that such defendant or respondent was **properly served** in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules.  *See Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M.,2011) (describing two-step process for a party seeking default judgment under Rule 55); *Hill Enterprises, Inc. v. Lookingbill*, 2012 WL 12931718, at *1 (D.N.M., 2012).  Thus, Petitioners' motion for default judgment is premature, even assuming proper service on a properly named party.

(3)  While Petitioners claim they have served Ms. Sprague, the docket entries cited in support of service of process, Documents 6 and 7 (*see* Doc. 9 at 1), do not indicate that service has been effected on Ms. Sprague.  Document number 6 is an Affidavit of Service for Summons and Amended Petition served on Judge Thuma on April 3, 2017.  The affidavit states in part that "copies were mailed to all other parties via U.S.P.S. as follows:  Tammy Sprague, Personal Representative of the Fred Van Winkle Estate … and to counsel for Ms. Sprague, Mr. Trey R. Arvizu…. (Doc. 6).  The summons which is attached as page 2 of Document 6 is the summons directed to Judge Thuma, not Ms. Sprague.  Assuming Ms. Sprague could be served by U.S.

Mail, there is no indication that a summons directed to Ms. Sprague was sent to her and since she is not listed as a party defendant or respondent, she was not sufficiently put on notice that she needed to file a responsive pleading to the Petition. Additionally, there is no evidence that Ms. Sprague's attorney was authorized to accept service on her behalf so the fact that a copy of the Petition was mailed to Attorney Arvizu is meaningless in terms of analyzing the motion for default judgment. Document 7 is described as a "Summons Returned Executed" and which is "filed in error" but upon closer look, it is a Summons directed to Judge Thuma, *not* Ms. Sprague. However, page 2 of Document 7 is an "Amended Proof of Service" for "Tammie Sprague as personal representative of Estate of Fred Williams."[1] It is not at all clear as to how a proof of service form for Ms. Sprague ended up being grafted as page 2 to the Summons directed to Judge Thuma. Moreover, while the Court docket shows that a summons was issued by the Court to Judge Thuma (text entry dated 3/30/2017), the docket in this case is devoid of any reference that any summons was ever issued to Ms. Sprague.In essence, Petitioners are seeking default judgment against Ms. Sprague who is not named as a defendant or respondent in this case and who was not served with a summons. Against this backdrop, Petitioners seek a default judgment even though they have not obtained a Clerk's Entry of Default under Fed.R.Civ.P. 55(a).

B. <u>Respondent Thuma</u>

Judge Thuma has responded to Petitioners' motion for default judgment. However, Petitioners have clarified that they do not seek default judgment against Judge Thuma. *See* Doc. 11 at 2 ("No default is being sought against the Bankruptcy judge."). Therefore, the Court need

---

[1] The word "amended" is handwritten in front of "Proof of Service." Also, Ms. Sprague is the Personal Representative for Fred *Van Winkle,* and not Fred *Williams. See* Doc. 9 at 1, ¶1.

not address the various reasons as to why the motion for default judgment as to Judge Thuma would be denied on the merits.[2]

## CONCLUSION

In sum, the Court finds and concludes that Petitioners seek default judgment against Ms. Sprague even though she is not named as a party in this lawsuit. Petitioners also have not complied with the federal procedural rules requiring them to obtain a Clerk's entry of default before requesting a default judgment under Rule 55. The Court cannot grant default judgment against someone who is not a party to a case, even assuming that Petitioners had obtained a Clerk's Entry of Default and that Ms. Sprague was properly served.

The Court also finds and concludes that Petitioners' motion for default against Judge Thuma is moot because Petitioners state that they do not seek default judgment against Judge Thuma. However, the motion would be denied anyway due to various deficiencies in services and because Judge Thuma may not be a proper Respondent in this lawsuit.

**THEREFORE,**

**IT IS ORDERED** that Petitioners' Motion for Default Judgment Pursuant to FRCP 55, **(Doc. 9)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[2] In the event that Petitioners consider seeking default judgment against Respondent, the Court would deny such a motion for the same reasons as those provided by counsel in the response brief. Also, the Court recently entered an Order to Show Cause to the parties as to whether it was appropriate to name Judge Thuma as a Respondent in the Petition. See Doc. 12.